a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DERRICK JERMAINE SHELBIA #411997, Plaintiff | CIVIL DOCKET NO. 1:25-CV-00435 SEC P |
| VERSUS | JUDGE DRELL |
| TREVOR MCDONALD ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by pro se Plaintiff Derrick Jermaine Shelbia ("Shelbia"). Shelbia is an inmate in the custody of the Louisiana Department of Corrections ("DOC"). He alleges that he was subjected to environmental tobacco smoke ("ETS") when he was incarcerated at Catahoula Correctional Center ("CCC") in Harrisonburg, Louisiana. Shelbia names as Defendants Wardens Trevor McDonald, Gary Allen, and Jeremy Wiley, CCC Medical Staff, Secretary James LeBlanc, Sheriff Tony Edwards, Catahoula Parish Sheriff's Office, and the DOC.

Because additional information is necessary to support his claims, Shelbia must AMEND the Complaint.

I. **Background**

Shelbia alleges that he arrived at CCC in March 2023. He was assigned to a dorm with a "no smoking" sign painted on the wall. ECF No. 1 at 3. However, Shelbia

asserts that cigarettes were smoked in the dorm by correctional officers and the "vast majority of offenders." *Id.* Shelbia also alleges that paper wicks were continuously burning, and "Mojo" was "widely smoked" in the dorm. *Id.* According to Shelbia, Defendants took no measures to enforce the smoking ban, and he was not allowed to use the asthma medication prescribed to him at LaSalle General Hospital. *Id.* at 4.

Other complaints raised by Shelbia include: "psychological degradation in response to [his] complaints of constant smoke exposure"; "lack of medical staff"; "housing beyond capacity with offenders, at times, sleeping on [the] floor without mats"; "poor quality, discolored drinking water"; and "lack of hot water for bathing and other personal sanitation." ECF No. 1 at 5.

II. Law and Analysis

A prison official may be held liable under the Eighth Amendment for denying a prisoner humane conditions of confinement only if he acts with "deliberate indifference to a substantial risk of serious harm to an inmate." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.

Shelbia names several supervisory officials as Defendants, but he does not allege that any were personally involved in the alleged deprivation. A supervisor may not be held liable for a civil rights violation committed by a subordinate under a theory of respondeat superior or vicarious liability. *See Ashcroft v. Iqbal*, 556 U.S.

2

662, 676 (2009) (citing *Monell v. Dept. of Social Services*, 436 U.S. 658, 691 (1978)); *Bell v. Livingston*, 356 F. App'x. 715, 716–17 (5th Cir. 2009).

Therefore, Shelbia must amend his Complaint to state how each Defendant acted with deliberate indifference as to each of his claims. *Id.* at 677-78 (plaintiff must present a "short and plain statement" showing that he is entitled to relief, rather than "an unadorned, the-defendant-unlawfully-harmed-me accusation").

## III. Conclusion

Because additional information is needed to review Shelbia's claims, IT IS ORDERED that he AMEND the Complaint as instructed within 30 days of the date of this Order.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Scarborough is further required to notify the Court of any change in his address under Rule 41.3 of the Local Rules for the Western District of Louisiana.

SIGNED on Friday, August 29, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE