a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DERRICK JERMAINE SHELBIA #411997, Plaintiff | CIVIL DOCKET NO. 1:25-CV-00435 SEC P |
| VERSUS | JUDGE DRELL |
| TREVOR MCDONALD ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by pro se Plaintiff Derrick Jermaine Shelbia ("Shelbia"). Shelbia is an inmate in the custody of the Louisiana Department of Corrections. He alleges that he was subjected to unreasonably high levels of environmental tobacco smoke ("ETS") when he was incarcerated at Catahoula Correctional Center ("CCC") in Harrisonburg, Louisiana. Shelbia names as Defendants Wardens Trevor McDonald, Gary Allen, and Jeremy Wiley, CCC Medical Staff, Secretary James LeBlanc, Sheriff Tony Edwards, Catahoula Parish Sheriff's Office, and the DOC.

Because Shelbia fails to allege a viable constitutional claim for damages, the Complaint and Amended Complaint (ECF Nos. 1, 11) should be DENIED and DISMISSED WITH PREJUDICE.

1

I. <u>Background</u>

Shelbia alleges that he arrived at CCC in March 2023. He was assigned to a dorm with a "no smoking" sign painted on the wall. ECF No. 1 at 3. However, Shelbia asserts that cigarettes were smoked in the dorm by correctional officers and the "vast majority of offenders." *Id.* Shelbia also alleges that paper wicks were continuously burning, and "Mojo" was "widely smoked" in the dorm. *Id.* According to Shelbia, Defendants took no measures to enforce the smoking ban, and he was not allowed to use the asthma medication prescribed to him at LaSalle General Hospital. *Id.* at 4.

Other complaints raised by Shelbia include: "psychological degradation in response to [his] complaints of constant smoke exposure"; "lack of medical staff"; "housing beyond capacity with offenders, at times, sleeping on [the] floor without mats"; "poor quality, discolored drinking water"; and "lack of hot water for bathing and other personal sanitation." ECF No. 1 at 5.

Shelbia was ordered to amend his Complaint to state how each named Defendant acted with deliberate indifference as to each of his claims. Shelbia's Amended Complaint merely states that Secretary LeBlanc was "legally responsible for the overall functions of the Department and each institution under its Jurisdiction"; that Warden McDonald was "responsible for the welfare of all inmates in his custody" in 2024; that Wardens Wiley and Allen were assigned to CCC in 2023; and that each Defendant is sued in his official and individual capacity. ECF No. 16. He provides no facts indicating how each Defendant acted with deliberate indifference.

2

II. <u>Law and Analysis</u>

   A. <u>Shelbia's Complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2) and 1915A.</u>

As a prisoner proceeding *in forma pauperis* who is seeking redress from an officer or employee of a governmental entity, Shelbia's Complaint is subject to preliminary screening under § 1915A and § 1915(e)(2). *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Both sections provide for sua sponte dismissal of the Complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(b); 1915A.

   B. <u>Shelbia fails to allege deliberate indifference regarding environmental tobacco smoke.</u>

A prison official may be held liable under the Eighth Amendment for denying a prisoner humane conditions of confinement only if he acts with "deliberate indifference to a substantial risk of serious harm to an inmate." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.

Shelbia names several supervisory officials as Defendants, but he does not allege that any were personally involved in the alleged deprivations. A supervisor may not be held liable for a civil rights violation committed by a subordinate under a theory of respondeat superior or vicarious liability. *See Ashcroft v. Iqbal*, 556 U.S.

3

662, 676 (2009) (citing *Monell v. Dept. of Social Services*, 436 U.S. 658, 691 (1978)); *Bell v. Livingston*, 356 F. App'x. 715, 716–17 (5th Cir. 2009).

Even after being afforded an opportunity to amend, with specific instruction, Shelbia fails to allege deliberate indifference by each Defendant as to each of his claims. *Iqbal,* 556 U.S. at 677-78 (plaintiff must present a "short and plain statement" showing that he is entitled to relief, rather than "an unadorned, the-defendant-unlawfully-harmed-me accusation").

### C. Shelbia fails to allege a sufficient physical injury as to other conditions of his confinement.

A plaintiff may not recover psychological damages under the Eighth Amendment absent an allegation of more than *de minimis* physical injury. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); 42 U.S.C. § 1997e(e). Shelbia does not allege that he sustained any physical injury, much less a significant one, from "psychological degradation in response to [his] complaints of constant smoke exposure"; "lack of medical staff"; "housing beyond capacity with offenders, at times, sleeping on [the] floor without mats"; "poor quality, discolored drinking water"; and "lack of hot water for bathing and other personal sanitation." ECF No. 1 at 5. According, these claims are also subject to dismissal.

### III. Conclusion

Because Shelbia fails to allege a viable constitutional claim for damages, IT IS RECOMMENDED that the Complaint and Amended Complaint be DENIED and DISMISSED WITH PREJUDICE under

4

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, January 20, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE